UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LATANIA FLETCHER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4: 20 CV 1210 RWS |
| | ) |
| UNUM LIFE INS. CO. OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

In this ERISA case, plaintiff challenges her employee benefit plan's decision to deny her long-term disability benefits and a life insurance waiver of premiums. This matter is before the Court on plaintiff's motion for discovery. Plaintiff's motion does not specify the discovery she seeks. Whether, and to what extent, to permit discovery in an ERISA case is dependent upon the standard of review which the Court is to apply in reviewing the decision to deny benefits.

Here, defendant concedes this case is subject to de novo review. (Doc. 25). In this circuit, "[i]f it is necessary for adequate de novo review of the fiduciary's decision, the district court may allow the parties to introduce evidence in addition to that presented to the fiduciary." *Donatelli v. Home Ins. Co.*, 992 F.2d 763, 765 (8th Cir. 1993) (citing *Quesinberry v. Life Ins. Co. of North Amer.*, 987 F.2d 1017, 1021–1027 (4th Cir. 1993) (en banc); *Luby v. Teamsters Health, Welfare &*

*Pension Trust Funds*, 944 F.2d 1176, 1184–85 (3d Cir. 1991)). "However, to ensure expeditious judicial review of ERISA benefit decisions and to keep district courts from becoming substitute plan administrators, the district court should not exercise this discretion absent good cause to do so." *Donatelli*, 992 F.2d at 765 (citing *Davidson v. Prudential Ins. Co. of Amer.*, 953 F.2d 1093, 1095 (8th Cir. 1992)). Plaintiff argues that the good cause standard is met in this case by the existence of a conflict of interest and the fact that the plan relied on its own employees to reach a conclusion opposite that of plaintiff's treating physician. These two issues appear to be limited in scope and appropriate for discovery in a case subject to de novo review. *See Buzzanga v. Life Ins. Co. of North America*, 2010 WL 1141344, at *2 (E.D. Mo. Mar. 22, 2010). The parties should meet and confer in an attempt to reach agreement on this issue without further Court intervention. In the event they are unable to do so, plaintiff shall include in her reply brief proposed discovery requests sought to be served upon defendant.

Accordingly,

**IT IS HEREBY ORDERED** that the parties shall meet and confer in an attempt to reach agreement on limited discovery requests related to the two issues identified above. In the event that they are unable to reach agreement, plaintiff shall file her reply brief in support of discovery by no later than **May 28, 2021**, and that brief shall include proposed discovery requests sought to be served upon

defendant which are limited to the issues identified by plaintiff in her motion and addressed above.

 

/s/ Rodney W. Sippel
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 14th day of May, 2021.